Number 2010-7096 Mr. Carpenter. At least, I'm Kath Carpenter, appearing on behalf of Mr. Richard Bond. Excuse me. Mr. Bond is appealing a decision from the United States Court of Appeals for Veterans Court, which we believe relied upon a misinterpretation of 38 CFR 3.156B. The basis of the holding below was that Mr. Bond had not appealed the May 1997 decision. Mr. Bond was not required to have appealed the May 1997 decision under the provisions of 3.156B because during the one-year appeal period, he submitted and the VA received new and material evidence, which produced a second decision, July of 1999. Did the Board ever actually make a conclusion as to whether that evidence was new and material? They did not, Your Honor, except to the extent that they implicitly made that finding because the evidence received resulted in an increase over the initial rating assigned in the May 1997 decision. They implicitly made the finding that it was new and material? Yes, because it increased the rating from 30% to 70% effective May 1, 1999 and assigned an effective date in February of 1998 for the award of a total rating based upon unemployability. They never made the express finding as would be required by Young, for instance? No, they did not. And the CAVC seems to have, but they're not permitted to make fact findings. That's correct, Your Honor. So just to back up a moment, do you agree that a submission within the one-year period in some circumstances can be a new claim and in some circumstances can be new and material evidence with respect to the earlier claim? I'm not quite sure how it could be a new claim, Your Honor, because if it were a new claim, that would infer that it had no relationship to the decision that was made in the relevant one-year appeal period. So what if your first claim related to a back injury and your second claim related to PTSD? That would be a new claim, correct? That would be correct. And I don't believe the provisions of 3.156B would apply unless one could have a circumstance in which there was an implicit claim for the PTSD at the time of the original claim. In that circumstance, Your Honor, I think that might work. Are you familiar with the Voracek case? Yes, Your Honor. Okay, but it seems to me that Voracek specifically held that sometimes evidence relating to the same condition will be a new claim and sometimes it will relate to the earlier claim. And in Voracek, the new evidence was that there had been a worsening of the condition, right? Yes. So under some circumstances at least, you'll have a new claim even though it's the same condition that's being addressed, right? Well, if one reads Voracek in that way, that would be correct. I do not believe that that is the correct way to read 3.156B. 3.156B relates to the matter that was pending and the matter that was pending in the original claim was the entitlement to the maximum compensation for— So your contention is that despite Voracek, every submission within the one-year period, if it relates to the same condition, has to be treated as new and material evidence with respect to the original claim rather than as a new claim? I believe that's what's required by the regulation, Your Honor. Suppose we were to reject that and say that Voracek rejected that and that there's a distinction to be made between, even if it's the same condition, between new claims and new and material evidence with respect to the old claim. Do you lose then? I don't think so, Your Honor, because of this Court's decision in Jennings which talks about the very issue here, which is finality. Is there finality in that May 1997 decision? Well, if it's a new claim, if it's a new claim, there was finality, right? I disagree, Your Honor, because— How could that be? Because 3.156B says that if there is new and material evidence received within the one-year appeal period, that that undoes the finality. Yeah, but you're not accepting my assumption. I asked you to assume that under Voracek, there's a difference between, even if it's the same condition, between a new claim and new and material evidence with respect to the old claim, right? So if there's a determination, if there was a determination here that it's a new claim, you would then lose, correct? With that predicate, yes. However, I do not believe that that is a valid predicate because the notion of a new claim reads out the plain language of 3.156B. It attempts to distinguish between claims in a circumstance in which there is no distinction. The issue is the rating to be assigned, the claim that was made in October of 1996 for compensation for this psychiatric disability. That claim was granted, but not at the maximum rating. New and material evidence about the severity of that condition was received by the VA. Well, but that seems to be challenging the determination that this was a new claim, and isn't the question of whether it's a new claim or new evidence for an old claim a fact issue? No, Your Honor. I think it's a legal issue because of the nature of this regulation. This regulation is unique in that it speaks to the VA's receipt of information that relates to a claim that had been decided, but was within the appeal period. And I'm suggesting that notwithstanding the decision in Voracek that makes, I believe, an artificial distinction between new claims, there is no ability to make that artificial distinction under the proper interpretation of 3.156B. So I understand what you're saying then is what you're saying is that the Board has an obligation to assess the evidence to make a determination first as to whether it's new and material before it can make a determination whether it's a new claim or an old, relating to the old claim. Well, that would certainly be a necessary predicate, yes, Your Honor. Because that's their regulation, and their regulation says that. Now, what's interesting is that we have a regulation that has an A section that deals with reopening under 5108, which is a completely different standard and provides a definition. But in this context, we don't have a definition. But wait, in this, in both parts of the regulation it has to be new and material evidence, right? That's right. That's what Voracek said. That's correct. But the new and material evidence as defined is not defined, and it's being used for an entirely different purpose under 5108 to substantiate the threshold for jurisdiction to reopen. We're not talking about reopening here because there's been no finality. So it must necessarily be a lower standard of new and material evidence, a lower definition of that phrase than the phrase used in 3.156A. And 3.156A is a function of 5108 because 5108 deals with finality. 3.156B excludes... I'm not understanding. Because if there's an issue to be determined, whether it's a new claim or old evidence in respect, new evidence in respect to an old claim, that would seem to be a factual determination. And there was a determination here by the board, was there not, that it was a new claim? In the most recent decision, I don't believe they addressed it, Your Honor. I do believe in an earlier decision it was addressed, but it's my recollection that in this most recent decision, it was not because it was assumed that the 2004, I believe, VA Court of Appeals for Veterans Claims decision controlled the disposition of that question. Because that dealt with the scheduler criteria as opposed to the extra scheduler criteria. But that, Your Honor, is the importance of the court below's holding in Rice to recognize that there is only one claim for compensation. To make these distinctions is both artificial and inconsistent with the nature of this system. It's imposing a burden on the veteran to be able to make this type of showing. He should not be required to make such a showing. He has made a claim for compensation. He's trying to get the maximum benefits. He submitted new and material evidence based on the hospitalization, which was initially rejected. And they said, no, our 30 percent... What you're saying is there shouldn't be a distinction between, if it's the same condition, that there shouldn't be a distinction between new claims and new evidence for an old one. That's correct, Your Honor. All right. Just about at the end of my time, unless there's any further questions, I'll reserve the balance. Okay. Thank you, Mr. Clark. Thank you very much. Ms. Weedon? May it please the Court. It is well settled that this Court lacks appellate jurisdiction to review the application of law-to-fact or factual determinations by the Veterans Court. This appeal should, therefore... Okay, but he's making a legal argument. His legal argument is that if it's the same condition, you submit additional evidence that that must be considered in connection with the earlier claim, even though it might also support a new claim. That is a legal argument, Your Honor. I think that in order for that to really be squarely an issue here, however, there would have to be something in the record indicating that the Court or even the Board, perhaps, actually interpreted, somehow interpreted 3.156, which it did not. It made a factual determination based upon the language of the regulation, which, and I think what's important... Well, but that's the hard thing is the factual determination doesn't appear in the 2004 Board decision. There is no factual determination that this is not new and material evidence. The Board just goes forward with the idea that it's a new claim. And his argument is, under this regulation, since the evidence pertains to this same claim, this regulation requires it to be considered. So, while it may not be explicit, it certainly implicitly undergirds their decision. Well, I think to the extent Mr. Bond is arguing that any submission by a Veteran within one year of beginning of the initial decision constitutes new material evidence, that actually reads out all of the language in 3.156. No, he's not saying that. I think he's saying that if there's a submission and it relates to the same condition, that it has to be considered as to whether it's new and material evidence that would support a different result with respect to the old claim, even though that evidence might also support a new claim. And the Board here determined, based upon the RO's looking at what the submission in February of 1998 was, that it was not something that constituted, that related to the initial claim. It was based upon a different factual predicate. He says it doesn't make any difference because it's the same condition. It had to be considered in connection with the original claim. I mean, it may be right or it may be wrong, but it's a legal argument. That is a legal argument, Your Honor. Correct. And here the Board never looked at the underlying evidence to decide whether it constituted new and material evidence. Is that correct? The Board did not do an explicit finding. It looked at what the RO had determined, which was that based upon what the actual submission said, which it was a February 1998 submission in which Mr. Bond explicitly asked for an increased rating from his 30% PTSD and attached a newly created medical report from one month prior to his February 1998 submission discussing his PTSD generally. And he explicitly asked for I'd like to reopen my claim. And the court there found that it was not that still did not constitute new and material evidence. Here the problem is the nature and characterization of the very evidence submitted clearly does not go to I'd like an increased rating. There is nothing in that medical report that supports the notion that something happened between May when the Board decision was rendered and January when the medical evidence was created. There's no the medical evidence doesn't pertain at all to something new that would give rise to an increased rating. The evidence itself is quite explicit. It starts off with the patient comes to me and is upset about the fact that the earlier rating said he had stable relationships and a good working situation. And then it details he has not, he's had 25 jobs in 10 years and he's had lots of instability in his relationship. It's directly rebutting the evidence is clear, directly rebutting it. Now I'm not with the obligation to make fact findings but you're saying well there has to be a line that's strong and what I'm saying is if you look at the evidence in addition to his single handwritten statement saying I think I should get an increased rating that maybe the line is you have to look at both because a simple cursory review of the evidence here demonstrates something quite contrary to what you're arguing. And so maybe the rule of law should be the Board has to look at both and then make a fact finding, not look at the single sentence like the Voracek case did. We don't know what the underlying evidence there said. So here you have a single sentence handwritten by a Veteran and evidence that goes clearly one way. Shouldn't the rule of law be the Board has to look at both and then decide whether it's a new claim or whether it's part of the old claim? The Board I believe did look at both the actual cover letter and the January 1998 report. I mean they knew that that was in evidence and they did look at it. And in Voracek actually there was no underlying evidence. I believe in that case there was simply just one cover letter, an actual statement from the Veteran saying my PTSD has or my condition has worsened. I seek an increased rating or I want to reopen. Yes, so that's different in the sense that the evidence there suggested a change rather than something that related to the earlier claim. Well and here, yes Your Honor, yes it was different in here. I think the suggestion is that the rule of law that he's perhaps arguing for is that where there's a submission that's made, that it relates to the same condition, that there's an obligation to make two determinations. One to consider the evidence as to whether it has any bearing on the earlier claim whether it's new material evidence in support of the earlier claim and also to determine whether it is a new claim. That you've always, I think his argument is, you've always got to consider the evidence in connection with the old claim and reject it as not being new and material before you can move on and say oh well let's consider it now as a new claim. So that's his argument as I understand it. Correct and we would not, I would not argue against that Your Honor and I would say that it is maybe not spelled out as explicitly as it perhaps should be. So you agree that the VA has to do that? I believe that that was what the court held in when Mr. Bond does say to the Young case in which there is that insinuation that yes the Board needs to go through that type of analysis and determine whether or not it is new material evidence or if not determine whether or not it is a new claim. So I don't, what I don't see is the Veterans Court saying that there was such an obligation. They just seem to have two categories. Old evidence, new claim, this is a new claim, he loses. They don't seem to recognize that they should always consider the evidence in connection with the old claim as well as perhaps treating it as a new claim. Well I think that the Court of Appeals, I'm sorry, the Veterans Court's decision in 2007 does analyze whether or not Mr. Bond submitted new material evidence. Explicitly does that in Joint Appendix 117 through 119 there's a discussion of whether or not. Yeah but isn't that a question of whether it's new and material evidence not with respect to the old claim but with respect to a new claim? No they did, the Veterans Court did look at whether or not it was new material evidence pertaining to the initial claim that was submitted in October 1996 and does say that nothing in the record indicated to the Veterans Court that the submission was in fact pertaining to, that it didn't reference the May 97 decision which was the decision upon Mr. Bond's initial October 1996 claim and said that it didn't take any issue with the underlying factual predicate of that initial decision and therefore But again, it didn't analyze the medical evidence. What the Court did, and first of all it's not the Court's right to do it in the first instance, but what the Court did was to say the face of the document said it was a new claim and therefore there's nothing that should have highlighted the fact that it wasn't a new claim. But doesn't that turn 3.156 on its head because the whole point there is if it's new and material evidence, then it relates to the pending claim. So to make the determination in the first instance that it doesn't relate to the pending claim so therefore we don't have to look to see if it's new and material evidence is the opposite of what the provision requires. I would agree that that would have turned it on its head. I don't know that the Veterans Court's analysis was quite that explicit, fortunately or unfortunately. However, I would say that much of Mr. Bond's argument doesn't actually look at all at, again, what I believe is the factual determination is what constitutes new and material evidence. How do we even get into 3.156A or B? And as the Court did address in Voracek, the language of the regulation explicitly says that it is existing evidence that was not previously submitted to the decision maker. And here I think it's important to look at what, again, I think there's no jurisdiction so the Court should not be looking at this issue. But with regards to whether or not the actual determination was correct, that January 1998 report didn't say, did not relate specifically to Mr. Bond's condition as of October of 96 or... No, no, no. That's not fair. I mean, if you look at it, it goes all the way back to his service and talks about what's happened in the ensuing years. The January of 1998 medical report was specifically talking about his condition as of the date that he visited the VA Medical Center. And it does ruminate a bit about his he'd had some trouble with his employment. I'm sorry. What I'm talking about is the submission that we're talking about. It's the January 1998 submission. I thought that it related specifically to an earlier time period. Am I mistaken? It is at Joint Appendix 30 is the actual medical report. In fact, that's the irony that to the extent there was any finding made about what was said in there, what it said was it doesn't indicate that he got any worse. It just talks about how he was back at the original point. The report does start off by discussing that Mr. Bond was ruminating. He did talk about his past history, Your Honor, yes, upon coming back from Vietnam. He did not, however, nothing in the report indicated anything to the VA as to the fact that his condition was not as bad as they had considered it when they made their initial decision in May of 1997. But that's exactly the point. That would be what you would expect to find in a new claim, whereas this one seems to all relate to evidence that would be equally relevant to the situation in 1996. Well, I think that the report, again, to go back to the definition of new material evidence under 3.156, it has to be something that is significant in order and it goes to the likelihood of supporting the underlying predicate of the initial claim. Again, Mr. Bond's initial claim in 1996 was for PTSD, and he got an initial rating. Much of the Court's precedent obviously deals with situations in which the initial rating is or the initial claim is actually denied, which obviously we have a different circumstance here. But I don't think it's fair to say that every time a veteran submits anything within one year, once they've already gotten an initial rating, that that constitutes new material evidence. There has to be some sort of analysis of what the submission actually is, which is what 3.156B required. Which is what never happened, right? I think it implicitly did happen, Your Honor. There is not an explicit analysis. I think that the RO did look at it and, again, the actual submission coupled with the fact that the cover letter did say, I'm looking for an increased rating, led them to believe that it was something where he was looking, he was not saying, you got it wrong in May of 1997 because my condition was much worse than what he was saying according to him. Again, the whole decision was based on his cover letter, right? That cover letter, a pro se cover letter from a veteran. I don't believe so, Your Honor. I believe that the RO and the Board and the Court of Appeals, the Veterans Court, did look at the actual attached January 1998 submission. They didn't just look at his cover statement. They didn't say anything about it. They didn't analyze, except the Veterans Court, no one said anything about the substance of it. That is correct, Your Honor. So we're just supposed to guess that they looked at it? It is not explicitly in their decision, Your Honor. Doesn't Mr. Carpenter have a point, too, when he says, well, now let's look subsequently, they decided he was entitled to an increased rating, and guess what date they went back to? This one! Well, how could they have gone back to this one unless they credit this evidence as establishing his rating? I think procedurally what happened below is quite confusing, and actually, the January of 1998 medical report is not actually what the 70% increase is based upon. They cite it expressly. They cite it for purposes of, actually, he was granted 70% PTSD by the RO in December of 2000, and that increase is at Joint Appendix 59 to 70 is their rating decision. That actual increase to 70% was based upon evidence which was submitted between 1999 and 2000. It was not actually that February 98 submission. However, the context in which they looked at the February 98 submission was to say that was the new claim for increase, that was the point at which he had a pending claim, which he then subsequently, I believe it was in July of 1999, filed a notice of disagreement, so he kept that claim going. That was the context in which they went back to the February of 1998 submission, not to say that the evidence submitted at that time entitled him to a higher rating. The evidence that actually got him to the higher rating was actually post dated 1998, and so it's not a fair analysis to say, as I believe Mr. Bond suggests, that that actual submission in February 1998 is what got him the higher rating. So there is a factual distinction in the record between how he got to the 70%. But all that can be sorted out by some fact finder. Exactly. I think these are all factual determinations, and certainly it's well settled precedent here that in terms of effective dates, I believe Mr. Bond is attempting to get his effective date for TDIU and I believe probably PTSD back to his original October 96 submission, and that's a determination that this Court obviously lacks jurisdiction to determine the effective dates. So for that reason, we respectfully request that the Court dismiss this appeal or affirm the decision below. Thank you. Police Court, unless there's any questions, I don't have anything else to add. Okay. Thank you. Case is submitted.